**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-089-ZMF |
| v. | : | |
| | : | |
| NANCY BARRON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION *IN LIMINE* REGARDING CROSS-EXAMINATION OF UNITED STATES SECRET SERVICE WITNESS**

The United States of America moves to limit the cross-examination of witnesses with the Secret Service Agency, pursuant to Fed. R. Evidence. 401, 403, and 611(b).

## INTRODUCTION

In counts one and two, the defendant, Nancy Barron, is charged with violating 18 U.S.C. § 1752(a)(1) and (2), by knowingly entering or remaining in a restricted building or grounds without lawful authority; and knowingly, and with intent to impede or disrupt the orderly conduct of Government business and official functions, engaged in disorderly or disruptive conduct in any restricted building or grounds. The statute defines "restricted buildings or grounds" to include: "any posted, cordoned off, or otherwise restricted area . . . (B) of a building or grounds where the President or *other person protected by the Secret Service* is or will be temporarily visiting . . . ." 18 U.S.C. § 1752(c)(1)(B) (emphasis added).

To meet its burden of proof at trial, if no stipulation can be agreed upon, the Government intends to call a witness from the United States Secret Service to testify that at the time of the Capitol breach, Secret Service agents were on duty to protect then-Vice-President Mike Pence and his two immediate family members, all of whom were present at the Capitol.

However, the very nature of the Secret Service's role in protecting the Vice President and his or her family implicates sensitive information related to that agency's *continuing* ability to protect high-ranking members of the Executive branch, which implicates national security. Thus, the Government seeks an order limiting the cross-examination of the Secret Service witnesses to questioning about the function performed by the Secret Service as testified to on direct examination—in this case protecting the Vice President and his family on January 6, 2021. Furthermore, the defendant should be specifically foreclosed from questioning the witnesses about the following:

1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government building when emergencies occur;
2. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.

**ARGUMENT**

**I.     This Court Has Discretion to Limit Cross-Examination of Witnesses at Trial.**

It is well-established that a trial court has the discretion to limit cross-examination. *See Alford v United States*, 282 U.S. 687 (1931) ("The extent of cross-examination [of a witness] with respect to an appropriate subject of inquiry is within the sound discretion of the trial court."). A trial court has the discretion to prohibit cross-examination that goes beyond matters testified to on direct examination. Fed. R. Evid. 611(b). This is particularly so when the information at issue is of a sensitive nature. *See e.g.*, *United States v Balistreri*, 779 F.2d 1191, 1216-17 (7th Cir. 1985) (upholding a district court's decision to prohibit cross-examination of agent about sensitive information about which that agent did not testify on direct examination and which did not pertain to the charges in the case), *overruled on other grounds* by *Fowler v Butts*, 829 F.3d 788 (7th Cir.

2016). Other permissible reasons for limiting cross-examination include preventing harassment, prejudice, confusion of the issues, or repetitive, cumulative, or marginally relevant questioning. *Delaware v Van Arsdall*, 475 U.S. 673, 679 (1986).

While limiting a defendant's opportunity for cross-examination may implicate the constitutional right to confront witnesses, the Confrontation Clause only guarantees "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v Fensterer*, 474 U.S. 15, 20 (1985) (emphasis in original). Even evidence that may *become* relevant to an affirmative defense should be excluded until the defendant sufficiently establishes that defense during his own case-in-chief. *See United States v Lin*, 101 F.3d 760, 768 (D.C. Cir 1996) (acknowledging trial court has discretion to limit cross-examination on prejudicial matters without reasonable grounding fact); *United States v Sampol*, 636 F.2d 621, 663-64 (D.C. Cir. 1980) (holding that trial court properly limited cross-examination of alleged CIA murder scheme until defense put forth sufficient evidence of the affirmative defense in its case-in-chief); *United States v Stamp*, 458 F.2d 759, 773 (D.C. Cir. 1971) (finding trial court properly excluded cross examination of government's witness with response to matter only related to an affirmative defense and not elicited through direct exam).

**II.     Cross-Examination of the United States Secret Service Witness Should Be Limited to Whether the United States Capitol was Restricted on January 6, 2021.**

To prove counts one and two, without a stipulation to the contrary, the Government intends to offer limited, narrow testimony about the Secret Service's protection of certain officials on January 6, 2021 and the subsequent establishment of a restricted perimeter. To establish violations under 18 U.S.C. § 1752, the Government must prove that the Capitol Grounds were "restricted," where an "other person protected by the Secret Service" was *or* was temporarily visiting. 18 U.S.C.

3

§ 1752(c)(2) defines "other person protected by the Secret Service" to be: "any person whom the United States Secret Service is authorized to protect under section 3056 of this title . . . ." The Vice President, and the immediate families of the Vice President, are listed within 18 U.S.C. § 3056(a)(1) and (2).

Cross-examination of a Secret Service witness about extraneous matters beyond the scope of direct examination should be excluded as irrelevant or unduly prejudicial. But the Secret Service's general protocols about relocation for safety should be excluded as irrelevant because such evidence does not tend to make a fact of consequence more or less probable. Fed. R. Evid. 401.

Similarly, evidence of the nature of Secret Service protective details is not relevant in this case. The number or type of assigned agents on a protective detail does not alter the probability that the United States Capitol, or its grounds, were restricted on January 6, 2021. None of the other elements to be proven, or available defenses, implicates further testimony from the Secret Service.

Even assuming the evidence to be excluded is marginally relevant, such relevance is substantially outweighed by the danger of confusion of the issues, undue delay in presentment, and waste of time. Broader cross-examination of Secret Service witnesses could compromise national security without adding any appreciable benefit to the determination of the truth, or the veracity or bias of witnesses.

### III. The Government Requests an *In Camera* Proceeding to Determine the Admissibility of Certain Evidence.

If this Court determines that a hearing is necessary to determine the admissibility of testimony by a witness from the Secret Service, the Government requests the hearing be conducted *in camera* and *ex parte*. As noted, in this case, disclosure of certain information could prove

detrimental to the Secret Service's *continuing* ability to protect high-level government officials and affect our national security.

Courts have found such considerations justify *ex parte*, *in camera* proceedings. *See Gilmore v Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 968 (D.C. Cir. 2016) (finding that while *ex parte* proceedings should be employed to resolve discovery disputes only in extraordinary circumstances, they are appropriate where disclosure could lead to substantial adverse consequences, such as where a party sought intelligence materials generated in the midst of a geopolitical conflict); *United States v Nixon*, 418 U.S. 683, 714 (1974) (affirming a district court's order for *in camera* inspection of subpoenaed presidential materials); *United States v Kampiles*, 609 F.2d 1233, 1248 (7th Cir. 1979) ("It is settled that in camera ex parte proceedings to evaluate bona fide Government claims regarding national security information are proper."); *In re Taylor*, 567 F.2d 1183, 1188 (2d Cir. 1977) (finding that *in camera* proceedings "serve to resolve, without disclosure, the conflict between the threatened deprivation of a party's constitutional rights and the Government's claim of privilege based on the needs of public security.")

In the context of January 6 prosecutions, judges have routinely granted this motion.[1] It is neither controversial nor harmful to the defendant, as the government seeks to prove beyond a reasonable doubt the charges at issue.

---

[1] *See United States v Matthew DaSilva*, No. 21-cr-564-CJN, Minute Order issued July 12, 2023; *United States v Brian Mock*, 2023 WL 3844604 at *3 (D.D.C. June 6, 2023) (Boasberg J.) (granted in part) ("the Court will grant in part the Government's motion with only the clarification that Defendant may cross-examine within the scope of direct testimony."); *United States v Patrick Stedman*, No. 21-cr-383-BAH, Minute Order issued May 8, 2023; *United States v Chwiesiuk*, 2023 WL 3002493 at *7 (D.D.C. April 19, 2023) (Kollar-Kotelly J.); *United States v Donnie Wren et al*, No. 21-cr-599-RBW, Minute Order issued April 11, 2023; *United States v David Rhine*, 2023 WL 2072450 at *9 (D.D.C. February 17, 2023) (Contreras J.) (denying pretrial ruling but noting: "the Court expects Defense counsel to seek leave, outside the presence of the jury, to ask any questions that approach the sensitive areas identified by the Government." *9 n.7); *United States v Christopher Alberts*, No. 21-cr-026-CRC, Minute Order issued April 6, 2023; *United States v*

## CONCLUSION

For these reasons, the United States requests that this Court enter an order, as described above, limiting cross-examination of any witness with the Secret Service. If this Court determines an evidentiary hearing is necessary to rule on this motion, the Government requests the hearing be held *in camera* and *ex parte*.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Adam M. Dreher*
Adam M. Dreher
Assistant United States Attorney
Michigan Bar No. P79246
601 D. St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

VICTORIA A. SHEETS
Assistant United States Attorney
New York Bar No. 5548623
victoria.sheets@usdoj.gov

---

*Hatchet Speed*, No. 22-cr-244-TNM, Order issued February 28, 2023 ("GRANTED as unopposed.").