UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:22-cr-00089-APM-1 |
| | : | |
| NANCY BARRON, | : | |
| Defendant | | |

### DEFENDANT'S RESPONSE AND OPPOSITION TO UNITED STATES' MOTION IN LIMINE SEEKING TO PRECLUDE THE 1ST AMENDMENT

COMES NOW, the Defendant, Nancy Barron, who hereby responds and opposes ECF # 52, the government's motion in limine "(1) precluding any argument, questioning, or evidence suggesting that the First Amendment permitted Barron to enter or remain in [what the government describes as] the restricted area at the U.S. Capitol on January 6; and (2) allowing the government to offer otherwise-protected speech (such as political speech) as evidence to show motive and intent to knowingly and willfully commit the crimes charged."

The government blatantly wants to have it both ways.  On one hand, the government asserts that Barron has no protection under the 1st amendment for her political protesting, demonstration and political advocacy on Jan. 6.  On the other hand, the government seeks to use Barron's political advocacy <u>to convict Barron</u> of crimes such as "disorderly conduct" or "picketing or parading" in the Capitol.

This request is truly outrageous.  It assumes as a matter of both fact and law that Barron's presence at the Capitol was solely aimed at a violent or unlawful attack

on the building or the Congress, or something. The government seeks the Court's sanction to prevent this as its narrative without fear of counter-argument. On top of that, the government seeks to <u>use Barron's political speech</u> as evidence <u>only</u> of Barron's lawlessness and her intent to attack, kill, injure or harm the building or politicians!

Such a ruling would surely be reversible error of an acute variety.

Among other things in the government's motion is a claim that "Eventually, the defendant made it to a hallway immediately outside the House Chamber and yelled, "fuck Nancy Pelosi and fuck Chuck Schumer! Got to drag those cocksuckers down!" What the government fails to say is that Barron's remarks occurred in a setting in which all participants were aware that Congress had long been in recess and that both Representative Pelosi and Senator Schumer were nowhere to be found.

Barron's alleged <u>remarks were political speech</u> protected by the First Amendment—not untypical of political speech during thousands of demonstrations throughout the country throughout the generations.

The First Amendment would mean nothing if any government authority could decree that a dissenter or government critic is banned from public buildings and thereafter punish the dissenter for trespassing whenever the dissenter approached. See *Johnson v. Perry*, 140 F. Supp. 3d 222 (D. Conn. 2015) (public school's order excluding parent from school events interfered with parent's exercise of right to

make decisions about the care, custody, and control of his child and did not provide him with any means to appeal the order); *Cyr v. Addison Rutland Supervisory Union*, 955 F. Supp. 2d 290, 297 (D. Vt. 2013) (public school's order that excluded parent from school board meetings interfered with parent's exercise of speech rights and did not provide parent with any means to challenge the order); *Dunkel v. Elkins*, 325 F. Supp. 1235, 1246-47 (D. Md. 1971) (public university's order that excluded visitor from campus interfered with visitor's exercise of speech rights and provided no means to appeal); *Watson v. Bd. of Regents of Univ. of Colorado*, 182 Colo. 307, 512 P.2d 1162, 1165 (Colo. 1973) (public university's order that banned nonstudent from campus interfered with the individual's exercise of First Amendment rights and provided no method for appeal).

### Observing political and legislative meetings and seeking redress of grievances is protected by the First Amendment.

The rights to assemble peaceably and to petition for a redress of grievances are among the most precious of the liberties safeguarded by the Bill of Rights. These rights are intimately connected with the other First Amendment rights of free speech and free press. "The First Amendment would, however, be a hollow promise if it left government free to destroy or erode its guarantees by indirect restraints so long as no law is passed that prohibits free speech, press, petition, or assembly as such." *United Mine Workers of Am., Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967). "We have therefore repeatedly held that laws which actually affect the exercise of these vital rights cannot be sustained merely because they were enacted for the

purpose of dealing with some evil within the State's legislative competence, or even because the laws do in fact provide a helpful means of dealing with such an evil." Id.

On January 6, Barron and her many codefendants in other cases were part of a protest movement whose aim was to keep our elections honest, and to express themselves and their political positions against the election improprieties which are well documented. The United States cannot masquerade its crackdown on advocacy as enforcement of trespass or obstruction laws.

In *CPR for Skid Row v. City of L.A.*, 779 F.3d 1098 (9th Cir. 2015), the U.S. Ninth Circuit Court of Appeals found that a California statute which criminalized disruption of political meetings by "threats, intimidations, or unlawful violence" was unconstitutional as applied to a group's protest of a meeting of public officials and members of the public to discuss conditions in a neighborhood.

Judge Reinhardt, concurring, said that the statute was unconstitutional *both* as applied and *on its face*, because the First Amendment plainly protects some conduct which intimidates or disrupts political meetings in many circumstances.

It is significant that the facts of disruption in *CPR for Skid Row* were far more egregious than those alleged here. The group's members were "chanting loudly in protest of an organized walk by public officials and others through Los Angeles' Skid Row." "They also banged on drums," in some cases <u>within one foot</u> of the officials during the Walk.

Judge Reinhardt pointed to numerous cases where the First Amendment protected extravagant demonstrations amidst legislative or official government hearings or meetings, such as *In re Kay*, 1 Cal. 3d 930, 936, 83 Cal. Rptr. 686, 464 P.2d 142 (1970) (rhythmic clapping during a congressman's speech), *McMahon v. Albany Unified Sch. Dist.*, 104 Cal. App. 4th 1275, 1280—81, 129 Cal. Rptr. 2d 184 (Cal. Ct. App. 2002) (dumping gallons of garbage on the floor during a school board meeting as part of a speech about the problem of litter in the area of the high school), *Saraceni v. City of Roseville*, No. C041085, 2003 Cal. App. Unpub. LEXIS 5692, 2003 WL 21363458, at *2 (Cal. Ct. App. June 13, 2003) (attempting to address the city council and city attorney at a city council meeting after the public comment period had ended), *Norse v. City of Santa Cruz*, 629 F.3d 966, 970 (9th Cir. 2010) (en banc) (giving a silent Nazi salute and whispering to another meeting attendee in city council meetings), and *Sanchez v. City of Los Angeles*, No. CV 07—5132 GHK (JC), 2011 U.S. Dist. LEXIS 150627, 2011 WL 6951822, at *2 (C.D. Cal. Oct. 31, 2011) (attending a city council meeting with a pillow case, attached to a shirt, that read "CRA Destroys Communities").

Significantly, the alleged conduct of the defendant in this case—even if true—was far less disruptive than the conduct recognized as constitutionally protected in the cases listed above. Nancy Barron did nothing to prevent Congress from concluding, discussing, or voting on any bill or proposal.

CONCLUSION

For all the above reasons, the Court should reject the government's motion in limine regarding First Amendment advocacy.

Date: August 8, 2023                                Respectfully Submitted,
                                                    /s/ *John M. Pierce*
                                                    John M. Pierce
                                                    21550 Oxnard Street
                                                    3rd Floor, PMB #172
                                                    Woodland Hills, CA 91367
                                                    Tel: (213) 400-0725
                                                    Email:jpierce@johnpiercelaw.com
                                                    Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that, on August 8, 2023, this motion was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

*/s/ John M. Pierce*
John M. Pierce