UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 22-cr-089 (ZMF) |
| : | |
| NANCY BARRON, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT BARRON'S
MOTION *IN LIMINE* TO PRECLUDE UNSEEN SIGNAGE**

The United States of America respectfully submits this opposition to the defendant's motion to preclude admission "from trial any evidence, discussion, or argument regarding signs, fencing, dispersal announcements, barricades or other barriers unless the offering party first lays a foundation that defendant actually was in a place to witness such features."

The defendant conflates two separate elements of a violation of 18 U.S.C. § 1752(a)(1) and (a)(2). In count one, the government must show:

1) The defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2) The defendant did so knowingly.

In count two the government must show:

1) The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2) The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3) The defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Each offense requires the government to prove both the *objective existence* of a restricted building or grounds, and separately that the defendant's actions occurred within that building or grounds *knowingly*.

By law, "the term 'restricted buildings or grounds' means any posted, cordoned off, or otherwise restricted area—(B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). The government must prove—independently—that the defendant entered or remained in an area that was posted, cordoned off, or otherwise restricted.

Next, the government must show that the defendant committed her acts knowingly. It is within this knowingly element the defendant seems to agree that the government must be allowed to present evidence of 'signs, fencing, dispersal announcements, barricades, or other barriers' to show the defendant's knowledge. An apt example can be found in *United States v MacAndrew*, No. 21-cr-730-CKK, January 17, 2023, 2023 WL 196132. In *MacAndrew*, Hon. Colleen Kollar-Kotelly found:

> [The defendant's] knowledge, like a snowball rolling down a ski slope, accumulated that day. Her suspicions undoubtedly started when . . . she passed "Area Closed" signs affixed to strewn fencing. If she did not know at that time her presence on Capitol grounds was unlawful, her awareness must have been stronger when she clambered over dismantled bike racks and snow fencing even closer to the Capitol building with their own "Area Closed" signs. If, after seeing *those* signs, she did not know her presence was unlawful after *those* signs, then surely she knew she was unlawfully present when she encountered a line of armored Metropolitan Police Department ("MPD") officers marching past Capitol Police officers guarding the Capitol building behind bike racks affixed, again, with "Area Closed" signs.
>
> Assuming, for the sake of argument, that she *still* did not know she was not permitted on Capitol grounds or in the Capitol building, she must have known when she arrived to the Upper West Terrace and met four individuals she testified she knew to have been pepper

2

> sprayed. Or, to enter the realm of the fabulist, perhaps it was only when she entered the Capitol through a broken door, an emergency siren blaring. These signs, and other detailed below, undoubtedly endowed [the defendant] with the knowledge that her presence and protest in the Capitol was unlawful. Nevertheless, she remained.

*United States v MacAndrew*, No. 21-cr-730-CKK, January 17, 2023, 2023 WL 196132 at *1-2. (emphases in original).

Much like in *MacAndrew*, the factfinder in the present case will be provided with a series of impediments that the defendant experienced *personally*. But the requirement that the government prove that the defendant acted *knowingly* does not negate the government's obligations to prove the restricted area *objectively*.

Therefore, the government respectfully requests this Court deny the defendant's motion for an *in limine* order precluding evidence of unseen signs.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052


By:     /s/ *Adam M. Dreher*
Adam M. Dreher
Assistant United States Attorney
Michigan Bar No. P79246
601 D. St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

VICTORIA A. SHEETS
Assistant United States Attorney
New York Bar No. 5548623
victoria.sheets@usdoj.gov