UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 22-cr-089 (ZMF) |
| | : | |
| **NANCY BARRON,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT BARRON'S
MOTION *IN LIMINE* TO PRECLUDE 'RAINDROP THEORY.'**

The United States of America respectfully submits this partial opposition to the defendant's motion to preclude arguing the criminality of the defendant solely upon the acts of others.

The defendant seeks an order to limit the government from arguing three separate theories. First, that the defendant could be guilty of crimes committed by others. Second, that the defendant could be guilty of *merely* witnessing the crimes of others. And third, that the defendant could be guilty as a 'raindrop' amid a rainstorm of others who cause violence or disruption. The defendant requests such an order without citing to any authority for such a request.

The government agrees that it would be improper to argue that the defendant *should* be found guilty based solely on the acts of others. Further, the government agrees that it would be improper to argue that the defendant *should* be found guilty based solely on witnessing the crimes of others. But the government's understanding of the 'raindrop' argument is more nuanced than the defendant gives credit.

Although not cited, the defendant's request stems from *United States v Rivera*, 607 F.Supp.3d 1 (D.D.C. February 17, 2022), where the Hon. Colleen Kollar-Kotelly reasoned:

> The following metaphor is helpful in expressing what the statute
> *does* require. Just as heavy rains cause a flood in a field, each

> individual raindrop itself contributes to that flood. Only when all of the floodwaters subside is order restored to the field. The same idea applies in these circumstances. Many rioters collectively disrupted Congressional proceedings, and each individual rioter contributed to that disruption. Because [the defendant's] presence and conduct in part caused the continued interruption to Congressional proceedings, the Court concludes that [the defendant] in fact impeded or disrupted the orderly conduct of Government business or official functions.

*United States v Rivera*, 607 F.Supp.3d 1, 9 (D.D.C. 2022) (emphasis in original).

The 'raindrop theory' has never been used to prove every element of offenses charged related to January 6th. Instead, Hon. Colleen Kollar-Kotelly used the metaphor to illustrate that a defendant's act of 'being a raindrop' contributed to the interruption to Congressional proceedings; one single element of the offense. Phrasing this argument within that theme: the government should not be precluded from arguing that the defendant *is in fact* a raindrop in that storm.

At trial, the government must show that the defendant *knowingly* took part in her criminal actions. The government intends to show that the defendant saw the barriers preventing her from entering the Capitol, yet she proceeded in anyway. That she saw officers struggling to keep her fellow rioters back, yet she proceeded anyway. That she heard—and even joined in with—her fellow rioters during chants and violent rhetoric being shouted, yet she proceeded anyway. And that it was this *knowingly* collective action that caused the disruption and interruption of the Congressional proceedings.

The government agrees with the defendant that the focus of the factfinder's inquiry at the defendant's trial should be the actions of the defendant herself; however, the government disagrees that the factfinder must remain blind to what was occurring around the defendant at the time she chose to take part in the interruption of the Congressional proceedings. The existence of the storm is still relevant to determine whether the defendant chose to be a raindrop within it.

Recently in *United States v Gunby*, No. 21-cr-626-PLF, August 4, 2023, 2023 WL 4993483, Hon. Paul L. Friedman denied a similar motion. In that case, the defendant asked the Court to prohibit the same arguments that the defendant asks to be prohibited in this case. In ruling upon the motion, that Court outlined:

> Although [the defendant] is correct that he cannot be punished for offenses committed by others, the government alleges that he himself committed four misdemeanor offenses on January 6, 2021. [The defendant]'s conduct did not occur in a vacuum, and thus the actions of others may be relevant, and indeed necessary, to the government's case against [the defendant]. The government may introduce evidence about the rest of the crowd, and Court [sic] will not circumscribe the government's rhetoric as [the defendant] requests.

*United States v Gunby*, No. 21-cr-626-PLF, August 4, 2023, 2023 WL 4993483 at *5.

Therefore, the government respectfully requests this Court adopt the same reasoning and deny the defendant's motion for an *in limine* order precluding certain arguments.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Adam M. Dreher*
Adam M. Dreher
Assistant United States Attorney
Michigan Bar No. P79246
601 D. St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

VICTORIA A. SHEETS
Assistant United States Attorney
New York Bar No. 5548623
victoria.sheets@usdoj.gov