UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-089 (ZMF) |
| | : | |
| NANCY BARRON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT BARRON'S
MOTION TO DISMISS ON MULTIPLICITY GROUNDS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the defendant's motion to dismiss Count Three, a charged violation of 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building), because he claims that it is multiplicitous of Count Two, a charged violation of 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds). ECF 46.

**I.      Relevant Facts**

On January 6, 2021, thousands of rioters took part in an attack on the U.S. Capitol in an effort to stop the certification of the results of the 2020 presidential election. These rioters forced their way into the U.S. Capitol building, requiring elected officials and their staff to flee or shelter in place and injuring many law enforcement officers.

As summarized in part in the Statement of Facts accompanying the defendant's criminal complaint, the defendant is alleged to have entered the United States Capitol at 2:38 p.m., *see* ECF 1-1 at 4, within minutes of the evacuation of Members from the House Chamber. The defendant entered through the East Rotunda Doors, but prior to that she advanced past a line of bicycle racks,

past several lines of officers, and pushed through a crowd of her fellow rioters. Once inside the Capitol, in a selfie-style video posted to Facebook, the defendant stated, with apparent jubilation and acknowledgment of the obstacles, that she had "made it in."

The defendant moved throughout the Capitol, speaking to others about members of Congress. For example, she moved through the Rotunda occasionally stating, "where is fuckin' Pelosi . . ." and "is this Pelosi's stuff down here?" Eventually, the defendant made it to a hallway immediately outside the House Chamber and yelled, "fuck Nancy Pelosi and fuck Chuck Schumer! Got to drag those cocksuckers down!" At all times when the defendant was inside of the Capitol, then-Vice President Mike Pence was also within that restricted area.

An Information alleging—among other offenses—violations of 18 U.S.C. § 1752(a)(2), and 40 U.S.C. § 5104(e)(2)(D), was filed against the defendant. ECF 4. Barron requested to have a magistrate judge conduct her trial. ECF 35 at 2. On May 4, 2023, The Honorable Amit P. Mehta granted that request. May 4, 2023 Minute Order. This Court then scheduled a jury trial for August 22, 2023. ECF 42. Barron filed this motion to dismiss on August 3, 2023. ECF 46.

**II.     Legal Standard**

The Double Jeopardy Clause "protects against multiple punishments for the same offense." *United States v. Crosby*, 20 F.3d 480, 483 (D.C. Cir. 1994) (citations omitted). "To claim benefit of the guarantee, 'a defendant must show that the two offenses charged are **in law and fact** the same offense.'" *Id.* (emphasis added) (citing *United States v. Benefield*, 874 F.2d 1503, 1505 (11th Cir. 1989)). A defendant may be convicted of and sentenced under different statutory provisions for multiple offenses arising out of the same single act or course of conduct so long as Congress authorized the imposition of such multiple punishments. *See United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998) ("If the legislature intends to impose multiple punishment, imposition

of such sentences does not violate Double Jeopardy."). "To determine multiplicity vel non, courts generally apply the *Blockburger* test: '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,' i.e., whether either is a lesser included offense of the other." *United States v. Mahdi*, 598 F.3d 883, 888 (D.C. Cir. 2010) (quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999), and *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). If the two offenses each require proof of a fact the other does not, then the charges are not multiplicitous. Id. at 890.

The *Blockburger* "test focuses on the statutory elements of the offense, not on the proof offered in a given case." *McLaughlin*, 164 F.3d at 8. Thus, it is irrelevant whether there is significant overlap in the factual proof of each count at trial, or even whether two counts "are based upon the exact same set of facts and circumstances," as long as each count's elements require proof of a fact that the others do not. *United States v. Manafort*, 313 F. Supp. 3d 311, 314 (D.D.C. 2018); *see Id*. ("[T]he test for multiplicity is not whether two counts are based on the same set of facts; rather, it is whether the statutory elements of the two offenses are the same.").

### III.  Argument

Counts two and three are two separate offenses under *Blockburger* and therefore criminalize two separate sets of behaviors.

| **Count 2**: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2). | **Count 3**: Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D). |
|---|---|
| The elements of the crime are:<br><br>• The defendant engaged in disorderly or disruptive conduct in, or in proximity to, **any restricted building or grounds**; | The elements of the crime are:<br><br>• The defendant engaged in disorderly or disruptive conduct **within the United States Capitol Grounds**; |

| | |
|---|---|
| • **The defendant did so knowingly**, and with the intent to impede or disrupt the orderly conduct of **Government business or official functions**; and<br>• The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions. | • The defendant did so with the intent to impede, disrupt, or disturb the **orderly conduct of a session of Congress or either House of Congress**; and<br>• The defendant acted **willfully and knowingly**. |

Count two criminalizes disruptive or disorderly behavior that occurs "in, or within such proximity to, *any restricted building or grounds*." 18 U.S.C. § 1752(a)(2) (emphasis added). Count three criminalizes disruptive or disorderly behavior "within the *United States Capitol Grounds*." 40 U.S.C. § 5104(e)(2)(D) (emphasis added). Although, at trial, the government intends to prove that a portion of the United States Capitol Grounds were "restricted building or grounds" under §1752(c), the criminality of § 1752(a)(2) is not limited to the United States Capitol. Moreover, because the United States Capitol and Grounds are not always "restricted" within the meaning of § 1752(a)(2), proof that an individual acted disorderly within the Capitol Building is not sufficient to establish a violation of that statute.

Count two criminalizes a defendant's intent to "impede or disrupt the orderly conduct of *Government business or official functions*." 18 U.S.C. § 1752(a)(2) (emphasis added). Count three criminalizes a defendant's intent to "impede, disrupt, or disturb the *orderly conduct of a session of Congress or either House of Congress*." 40 U.S.C. § 5104(e)(2)(D) (emphasis added). Although at trial the government intends to prove that a portion of the government business or official functions that were impeded was a session of Congress, the criminality of § 1752(a)(2) is not limited to the United States Congress.

Count two criminalizes a defendant's conduct when she "in fact imped[ed] or disrupt[ed] the orderly conduct of Government business or official functions." 18 U.S.C. § 1752(a)(2). Such element is not required to prove a violation of 40 U.S.C. § 5104(e)(2)(D).

Each statute requires proof of an element that the other does not. A factfinder therefore *could* find that the defendant impeded Government business, but not a session of Congress. Similarly, a factfinder *could* find that there was not a proper 'restricted building or grounds,' but that the defendant's conduct occurred on the Capitol grounds. Because these two statutes comply with the *Blockburger* test and are separate offenses, the two charges in this case are not multiplicitous and the defense motion should be denied.

### IV. Defendant's Motion is Premature, Given Multiplicity Does Not Provide Grounds for Dismissal.

Even assuming for the sake of argument that these counts are multiplicitous, the United States Supreme Court has explained how a trial court should address an indictment that charges potentially multiplicitous counts:

> [W]hile the Government may seek a multiple-count indictment . . . the accused may not suffer two convictions or sentences on that indictment. If, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses.

*Ball v. United States*, 470 U.S. 856, 865 (1985); *see also Ohio v. Johnson*, 467 U.S. 493, 500 (1984) ("While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution."). As the D.C. Circuit has stated, "[t]he primary evil of multiplicitous charges is that a defendant will be punished twice for the same offense. This harm, if it exists at all, may be remedied during the sentencing phase if

the jury returns a conviction on all counts of the Superseding Indictment." *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 124 (D.D.C. 2012); *see also, e.g., United States v. Platter*, 514 F.3d 782, 786 (8th Cir. 2008) (affirming trial court's refusal to require the government to elect among multiplicitous charges because "the proper remedy when a defendant is convicted of multiplicitous counts is merger of the counts into one count").  Thus, any potential for multiplicity in an indictment may be remedied after trial if applicable.  For this additional reason, the defendant's motion is premature and should be denied.

## V.   Conclusion

For these reasons, the government respectfully requests that the Court deny the Defendant's motion to dismiss.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Adam M. Dreher*
Adam M. Dreher
Assistant United States Attorney
Michigan Bar No. P79246
601 D. St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

VICTORIA A. SHEETS
Assistant United States Attorney
New York Bar No. 5548623
victoria.sheets@usdoj.gov