UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-089-ZMF |
| v. | : | |
| | : | |
| NANCY BARRON, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE
REGARDING CROSS-EXAMINATION OF
UNITED STATES SECRET SERVICE WITNESS

The United States of America respectfully submits this reply. Setting aside the fact that the defendant missed the filing deadline for her response by three days, her substantive response lacks merit.

At trial, the factfinder must determine whether the defendant entered or remained within restricted buildings or grounds, and/or whether the defendant acted disorderly or disruptively with the intent to impede government business or function. For an area to fit the definition of "restricted buildings or grounds," Congress designated three different categories of areas that could institute criminal responsibility if "posted, cordoned off, or otherwise restricted . . .." 18 U.S.C. § 1752(c)(1).

The first category is: "of the White House or its grounds, or the Vice President's official residence or its grounds." 18 U.S.C. § 1752(c)(1)(A). These areas are restricted at all times regardless of who is within those areas. The second category is: "of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). This is the category the government has alleged in the information charging the defendant. This category applies to *any other* building that is not a residence where a protectee "will be visiting" or where a protectee actually "is."

The defendant's argument that these two categories should be read to mean the same location (i.e. each President and Vice-President is only temporarily maintaining residence because they serve four-year terms) would read out the third category of restricted area completely. The third category is: "of a building or grounds so restricted in conjunction with an event designated as a special event of national significance." 18 U.S.C. § 1752(c)(1)(C). This category of restricted building or grounds is wholly independent of individuals protected by the Secret Service. A tortured reading of the statute that introduces a section of surplusage and introduces a nugatory section cannot be a correct reading of the statute.

But the defendant *also* argues that the Senate *cannot* be a place where the Vice President is only 'temporarily visiting' because she presides over the Senate. This same argument has been rejected every Judge in this District to have considered this "strained reading of this fairly straightforward phrase."[1]

To determine the meaning of a statute, the Court "look[s] first to its language, giving the words used their ordinary meaning." *Levin v United States*, 468 U.S. 503, 513 (2013) (quoting *Moskal v United States*, 498 U.S. 103, 108 (1990)). The verb "visit" means, *inter alia*, "to go to see or stay at (a place) for a particular purpose (such as business or sightseeing)" or "to go or come officially to inspect or oversee."[2] Either definition describes the Secret Service protectee's

---

[1] *See, e.g., United States v. Williams*, No. 21-cr-377-BAH, ECF No. 88 at 5-7; *United States v Griffin*, 549 F. Supp. 3d 49, 52-58 (D.D.C. 2021) (18 U.S.C. § 1752(a)(1)); *United States v Mostofsky*, No. 21-cr-138-JEB, 2021 WL 6049891, at *8-*13 (D.D.C. Dec. 21, 2021) (18 U.S.C. § 1752(a)(1)); *United States v Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *4-*12, *14-*19 (D.D.C. Dec. 28, 2021) (18 U.S.C. § 1752(a)(1)); *United States v Andries*, No. 21-cr-93-RC, 2022 WL 768684, at *3-*17 (D.D.C. Mar. 14, 2022) (18 U.S.C. § 1752(a)(1); 18 U.S.C. § 1752(a)(2)); *United States v Puma*, No. 21-cr-454-PLF, 2022 WL 823079, at *4-*19 (D.D.C. Mar. 19, 2022) (18 U.S.C. § 1752(a)(1); 18 U.S.C. § 1752(a)(2)); *United States v Bingert*, No. 21-cr-91-RCL, 2022 WL 1659163, at *3-*11, *12-*15 (D.D.C. May 25, 2022) (18 U.S.C § 1752(a)(1)).
[2] http://www.merriam-webster.com/dictionary/visit. Last accessed August 15, 2023.

activities on January 6. Vice President Pence was physically present at the U.S. Capitol for a particular purpose: he presided over Congress's certification of the 2020 Presidential Election, first in the joint session, and then in the Senate chamber. The U.S. Capitol plainly qualified as a building where "[a] person protected by the Secret Service [was] . . . temporarily visiting." 18 U.S.C. § 1752(c)(1)(B).

Once a plan was made for the then-Vice President to visit the Capitol, the area became restricted. If not then, then it certainly became restricted once the Vice President "is" at that location. At trial, the government intends to prove that then-Vice President Michael Pence had a plan to be at the Capitol and the government intends to prove that he was also at the Capitol on January 6, 2021. The factfinder will then apply the law to the facts.

The defendant's proposed questions asking about then-Vice President's precise location, or the process for protecting him, or the staff in place to do so, should be excluded from being presented. None of the questions go to whether the Vice President, at the time of the defendant's acts, was at the Capitol, or was going to be temporarily visiting.

The government is not seeking to limit the defendant's ability to test the veracity of the evidence that is presented on direct. But testing the witness's "knowledge and credibility" does not require the defendant to go beyond the subject matter of the direct examination. Fed. R. Evid. 611(b). This Court should grant the government's motion.

## CONCLUSION

For these reasons, the United States requests that this Court enter an order limiting the cross examination of the Secret Service witness as requested within the government's motion *in limine*. ECF 50.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Adam M. Dreher*
ADAM M. DREHER
Assistant United States Attorney
Michigan Bar No. P79246
601 D. St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

VICTORIA A. SHEETS
Assistant United States Attorney
New York Bar No. 5548623
victoria.sheets@usdoj.gov