UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | CASE NO. 21-cr-089-ZMF |
| v. | : | |
| | : | |
| **NANCY BARRON,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE
REGARDING PRECLUSION OF IMPROPER FIRST AMENDMENT ARGUMENT**

The United States of America respectfully submits this Reply. Far from being "reversible error of an acute variety" to preclude improper First Amendment arguments (Barron Resp., at 2)— it is a necessary ruling to avoid confusing the issues and the jury. The fallacy undercutting Barron's Response is that Nancy Barron is on trial for her words or protected speech. This is false.

Instead, Nancy Barron's *actions*—entering and remaining, disorderly and disruptive conduct, and parading (all impermissible within the restricted area or Capitol Building or Grounds)—are not protected by the First Amendment. This is well-established in the January 6 context. (See Gov. Mot., at 6-9, citing *United States v. Sheppard*, No. 21-203 (JDB, Jan. 6, 2023) ECF No. 66, *United States v. Alberts*, Case No. 21-cr-026 (CRC), *United States v. Nordean*, No. 21-CR-175 (TJK), *United States v. Carpenter*, No. 21-cr-305 (JEB).) Any argument from Barron that the actions for which she is now on trial are protected by the First Amendment is improper, and should be precluded.

To find otherwise would only serve to confuse and mislead the jury, fanning the flames of the inaccurate narrative put forward that Nancy Barron is being tried as part of a "crackdown on advocacy" in response to her protected political views or speech (Barron Resp. at 4) when, in fact, Nancy Barron is on trial for:

- barreling past physical metal barriers and lines of police officers attempting to hold the Capitol who were violently attacked by the mob on January 6;
- joining in that mob by encouraging the rioters to "go in!" and "charge!" the East Rotunda doors of our nation's Capitol being guarded by officers;
- providing reinforcement to the mob's attack on officers by refreshing rioters being sprayed by officers during an attack at the East Rotund door by pouring water into multiple rioters' eyes as officers attempted to hold the Capitol from being breached;
- and disrupting official government business by storming into the Capitol as part of this mob.

The statement in her Response that Nancy Barron's conduct "was far less disruptive" than the previously held protected conduct of dumping garbage on the floor during a school lecture about littering, attempting to address city council after the public comment period had ended, whispering to another meeting attendee in city counsel meetings (paired with a silent Nazi salute), or attending a city counsel meeting with a pillow case attached to a shirt (Barron Resp., at 5) is farcical.

Further, the second part of the requested relief allowing the government—or the defense—to use speech that is otherwise protected (but which is, again, not the charged conduct at issue) to establish motive or intent helps draw the line where others have already done so in the January 6 context. (Gov. Mot., at 6-9.)

Other arguments that Barron makes in her response pertaining to whether the statutes under which Barron is being prosecuted themselves are unconstitutional is a determination best made in the motion to dismiss context and is addressed in those separate filings (ECF Nos. 43, 59).

As Judge Cooper held in refusing to include the defendant's proposed First Amendment instructions: "With respect to the First Amendment, the defendant is not being charged with a speech. He's being charged with specific conduct. None of the statutes that he has been charged under have been held to violate First Amendment; and, moreover, the government can place reasonable time, place, and manner restrictions on First Amendment activity." Transcript of trial, *United States v. Alberts*, Case No. 21-cr-026 (CRC), Apr. 18, 2023, pg. 1116-7. Consistent with the law and the facts of this case, this Court should preclude such improper argument on the First Amendment, or at the very least, hold such motion in abeyance to obtain a more specific proffer as to the defendant's intended argument, to avoid inappropriate legal argument or inflammatory rhetoric used before the jury.

## CONCLUSION

For these reasons, the United States requests that this Court enter an order (1) precluding any argument, questioning, or evidence suggesting that the First Amendment permitted Barron to enter or remain in the restricted area at the U.S. Capitol on January 6 and (2) allowing the government to offer otherwise-protected speech to show motive and intent as requested within the government's motion *in limine*. ECF 52.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:       */s/ Victoria A. Sheets*
VICTORIA A. SHEETS
Assistant United States Attorney
NY Bar No. 5548623

3

601 D Street, N.W.
Washington, D.C. 20001
(202) 252-7566
victoria.sheets@usdoj.gov


ADAM M. DREHER
Assistant United States Attorney
Michigan Bar No. P79246
601 D. St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov