UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-089-ZMF |
| v. | : | |
| | : | |
| NANCY BARRON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE RE: DEFENSE EXHIBITS AND WITNESSES**

The United States of America respectfully submits this notice as to its attempts to comply with this Court's July 21, 2023 Scheduling Order. *See* ECF 42. The order reads: "To expedite the trial and the presentation of evidence, it is the Court's intention to rule on the admissibility of as many exhibits as possible at the pretrial conference." ECF 42 at 2. The pretrial conference is currently scheduled for Monday, August 21, 2023, at 2:00 p.m.

This Court also required the parties to submit a joint pretrial statement, due on August 18, 2023, that "**identifies each exhibit by number and specifies those exhibits to which there is an objection, and the basis for the objection**." ECF 42 at 4 (emphasis in original).

This Court also required the parties to submit "[a] list of **witnesses**, accompanied by a brief description of each witness's expected testimony, followed by specific objections (if any) to each witness." ECF 42 at 4 (emphasis in original)

I. **Exhibits**

On August 18, 2023, at 11:02 p.m. – 58 minutes before the deadline to provide a *joint* pretrial statement and lay out each party's respective objections, opposing counsel sent an email with a link to an electronic dropbox purporting to be the exhibits the defense intends to introduce at trial. The list of the exhibits was tendered, via email, one hour earlier. Ultimately, what has been

provided to the government does not allow any sort of meaningful evaluation of the evidence, or an evaluation as to the admissibility of each exhibit for the purposes of lodging objections.

To the extent the government was able to provide its objections, the dropbox containing the defendant's exhibits are not remotely linked to the items described in the separately provided exhibit list. Most files are not numbered. When files are numbered, the titles do not comport with the numbering in the exhibit list itself.

As an example, the defendant's exhibit list provides that exhibit 66 is "Open Source Video of East Side 6." Within the dropbox, exhibit 66 is "EO_21_014.pdf." The closest file name to "Open Source Video of East Side 6" is "Ex 57 Open Source Video of J6 6.MOV"; however, that clip does not depict the east side of the Capitol.[1] There is little hope for the government to expound on the admissibility of that clip not knowing the clip's purpose, or whether that *even is* the clip the defendant seeks to admit.

"The adversary process [can] not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case." *Taylor v Illinois*, 484 U.S. 400, 410-11 (1988). The defendant, like all criminal defendants, has a right to present evidence. However, "[a] defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v Scheffer*, 523 U.S. 303, 308 (1998). One such reasonable restriction, is requiring a defendant to identify her exhibits and witnesses in advance of trial to provide a fair opportunity to the government. Instead, the defendant

---

[1] Exhibit 57 is listed as "videos_10216234979822112," which the government knows to be one of the Facebook Live videos taken by the defendant whilst she was within the U.S. Capitol.

here has provided an unlabeled "banker's box" of information, without any reasonable assurance that the exhibits listed on the defendant's exhibit list is even found within it.

Thus, the government is in the unfortunate position to have to object, *en masse*, to all of the defendant's exhibits, and seek exclusion of such exhibits.

In *Taylor v Illinois*, the Supreme Court discussed the appropriate sanctions related to missing a key deadline. The Court reasoned that "[l]awyers are accustomed to meeting deadlines." *Taylor*, 484 U.S. at 415. In affirming the sanction of exclusion, the Court was not just concerned with possible prejudice to the prosecution. "We are also concerned with the impact of this kind of conduct on the integrity of the judicial process itself." *Id*. at 416. In *Taylor*, the trial judge "also expressed concern about discovery violations in other trials. If those violations involved the same attorney, or otherwise contributed to a concern about the trustworthiness of [witness's] 11th-hour testimony, they were relevant." *Id*. at 416 n. 22.

As this Court likely knows, opposing counsel is not new to federal practice nor to January 6 prosecutions. As with every prosecution, the Court has required an exhibit list to be tendered in advance to streamline the trial and promote efficiency in advance of a jury trial, which requires the presence of citizens to stop what they are doing and commit to a just cause. The defendant's repeated failure to comply with these basic precepts is fundamentally concerning. *See United States v. Thomas*, 21-cr-552-DLF (May 11, 2023 Minute Order) ("The defendant's Objections to Government Trial Exhibits does not reflect a good-faith effort to comply with the Court's orders."); *United States v. Lesperance, et al*, 21-cr-575-JDB (July 6, 2023 Minute Order) (imposing an additional deadline upon counsel after opposing counsel failed to comply with initial deadlines related to exhibits).

3

**II.    Witnesses**

Alongside the 11th-hour exhibit list, the government was provided with an 11th-hour witness list that lists just six names. The list does not, however, provide "a brief description of each witness's expected testimony". ECF 42 at 4. Therefore, the government is unable to provide objections to the testimony of these witnesses for the same reasons it is unable to provide objections to the defendant's exhibit list. There is no information provided about the subject-matter of the testimony, or even who the individuals are.[2] Based on opposing counsel's prior practice in this courthouse, the government respectfully objects to these witnesses, and seeks additional proffer as to the relevance of each witness's proposed testimony.

---

[2] The government does recognize two names, Emily Lambert and Jonathan Moseley. These individuals are identified as employees of the John Pierce Law firm on the firm's website. http://www.johnpiercelaw.com/team-2 Last accessed August 19, 2023.

### III. Conclusion

For these reasons, the United States objects to the defendant's exhibit list and witness list, in advance of the pretrial conference.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ *Adam M. Dreher*
ADAM M. DREHER
Assistant United States Attorney
Michigan Bar No. P79246
601 D. St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

VICTORIA A. SHEETS
Assistant United States Attorney
New York Bar No. 5548623
victoria.sheets@usdoj.gov