UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>NANCY BARRON,<br><br>Defendant. | Criminal No. 1: 22-cr-089-ZMF |

# **BARRON'S OBJECTION TO CERTAIN PRELIMINARY INSTRUCTIONS**

Defendant Barron objects to the Pattern "Burden of Proof" Instruction found at page 8-9 of the Rhine Preliminary Instructions transcript and at page 4 of the *Carpenter* Final Instructions.

> If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which -- with which Mr. Rhine is charged, it is your duty to find him guilty of that charge of offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find Mr. Rhine not guilty of that offense.

This statement is inaccurate because by constitutional design, jurors may always act as a check on government and find any defendant not guilty for any

reason. See, e.g., Jackson v. Virginia, 443 U.S. 307, 317 n.10 (1979) ("To be sure, the factfinder in a criminal case has traditionally been permitted to enter an unassailable but unreasonable verdict of 'not guilty'. This is the logical corollary of the rule that there can be no appeal from a judgment of acquittal, even if the evidence of guilt is overwhelming."); *Gregg v. Georgia*, 428 U.S. 153, 199 n.50 (1976) any legal system that would rob jurors of their discretion would be "totally alien to our notions of criminal justice."; *United States v. North*, 910 F.2d 843, 910–11 (D.C. Cir. 1990) (describing the "judicial distaste" for special verdicts in criminal cases); *United States v. Wilson*, 629 F.2d 439, 443 (6th Cir. 1980) (holding that criminal juries have a "general veto power" and need never justify their decisions after the fact); *United States v. McCracken*, 488 F.2d 406, 418–19 (5th Cir. 1974) (collecting cases). *See also* Roger Roots, "The Rise and Fall of the American Jury," 8 *Seton Hall Circuit Review* 1 (2012) (describing the long history of this issue).

    The Supreme Court has never upheld "must convict" or "duty to convict" jury instructions, such as the instruction here.  Rather, the Supreme Court's jurisprudence makes clear that the jury always has the prerogative to acquit even where the government proves a criminal case beyond a reasonable doubt. Thus, this false instruction may be a "Red Book" or "Pattern" instruction; but it is <u>not</u> an accurate reflection of Supreme Court law.

August 22, 2023                                      **RESPECTFULLY SUBMITED,**

<u>John M. Pierce, Esq</u>

<u>*/s/ John Pierce*</u>

JOHN PIERCE LAW

21550 Oxnard Street

3rd Floor, PMB #172

Woodland Hills, CA 91367

jpierce@johnpiercelaw.com

(213) 279-7846

# **CERTIFICATE OF SERVICE**

      I hereby certify that my law firm is filing the foregoing with the Court by its ECF record-keeping and filing system, which automatically provides a copy to all counsel:

                                       */s/ John Pierce*

                                        John M. Pierce