## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA :**
|  |  |  |
|---|---|---|
| | **:** | **CASE NO. 22-cr-089-ZMF** |
| **v.** | **:** | |
| | **:** | |
| **NANCY BARRON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### PROPOSED FINAL JURY INSTRUCTIONS

Ladies and gentlemen, the time has now come when all of the evidence is in. It is now up to me to instruct you on the law. Before we talk about the specific charges alleged here and some of the specific issues in this case, I want to take a few moments to talk about some general rules of law. Some of these will repeat what I told you in my preliminary instructions.

### Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

### Function of the Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## Jury's Recollection Controls

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection that should control during your deliberations.

## Considering the Evidence in the Case

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and any stipulations agreed upon by the parties. Such stipulations should be considered as undisputed facts.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

## Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case - direct evidence and circumstantial evidence. When a witness, such as an eyewitness,

asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## Statements of Counsel – Not Evidence

The opening statements and closing arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

## Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must

not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.

If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.

### Information Not Evidence

In my instructions to you at the beginning of trial, I summarized to you the charges made against the defendant from a document called an Information. The Information is not evidence; it is merely the formal way of accusing a person of a crime to bring her to trial. You must not consider the Information as evidence of any kind-you may not consider it as evidence of the defendant's guilt or draw any inference of guilt from it.

### Burden of Proof – Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven she is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, you may ~~it is your duty to~~ find her guilty of that offense. On the other hand, if you find the government has failed

to prove any element of a particular offense beyond a reasonable doubt against the defendant, you must find her not guilty of that offense.

## Reasonable Doubt - Defined

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason – a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.

However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## Credibility of Witnesses

In determining whether the Government has proved its case, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Law-Enforcement Officer's Testimony

A law-enforcement officer's testimony should be considered by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law-enforcement officer.

### Nature of Charges Not to be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to render a fair and impartial verdict. There was a reason for that question. You must not allow the nature of the charges themselves to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

### Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify. Ms. Barron has chosen to exercise this right. You must not hold this decision against her. There are many reasons entirely consistent with innocence for which a person may decide not to testify. It would be improper for you to speculate as to the reason or reasons for her decision, and you must not draw any inference of guilt from it.

Ladies and gentlemen, I would now like to talk with you about the specific offenses charged in this case.

## Count I: Entering and Remaining in a Restricted Building or Grounds

Count 1 of the information charges Ms. Barron with entering or remaining in a restricted building or grounds. The Government must prove beyond a reasonable doubt that:

1. Ms. Barron entered or remained in a restricted building without lawful authorization to do so; and

2. She acted willfully and knowingly.

[Note: in the government's proposed final instructions, the government seeks to remove "wilfully."  Barron asserts that 'willfully is, in fact, the standard required.  18 U.S.C. § 1752 is a 'trespassing' corollary—equivalent to trespass statutes in every state and the common law over many centuries.  This vast landscape of law requires willfullness on the part of a defendant.  The law would be preposterous otherwise, as the government could convict people for simply knowing they are standing or sitting somewhere, without the person having any knowledge he is doing something wrong or without even being informed of the restricted nature of a place.]

The term "restricted building" means any posted, cordoned off, or otherwise fenced or barricaded restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

**[Explanation: "restricted" should not be defined as "restricted."  This concept cannot be open-ended.  It requires tangible, real-world barricades, signage, warnings, walls of separation, or fences.]**

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether Ms. Barron knowingly entered or remained in a restricted building, you may consider all of the evidence, including what Ms. Barron did, said or perceived. A person who enters or remains in a restricted area with a good faith belief that she is entering or remaining with lawful authority is not guilty of this crime.

[reinsert definition of "willfully" here. A person acts "willfully" if she acts with the intent to do something that the law forbids -that is, to disobey or disregard the law. . . . ]


## Count II: Disorderly Conduct in a Restricted Building or Grounds

Count 2 charges Ms. Barron with disorderly or disruptive conduct in a restricted building or grounds. The Government must prove beyond a reasonable doubt that:

1.  Ms. Barron engaged in disorderly or disruptive conduct;

2.  She did so knowingly and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3.  Her conduct was in a restricted building or grounds; and

4.  Her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses language likely to produce violence on the part of others, or language that is unreasonably loud, abusive, and disruptive under the circumstances. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building" has the same meaning provided in Count I. The term "knowingly" has the same meaning provided above.

## Aiding and Abetting

A person may be guilty of an offense because she personally committed the offense herself or because she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. In this case, the government alleges that Ms. Barron aided and abetted others in committing the offense of Disorderly Conduct in a Restricted Building.

To find Ms. Barron guilty as an aider and abettor, you must find that the government proved beyond a reasonable doubt each of the following four requirements: First, that others committed the offense charged. Second, that Ms. Barron knew that the offense charged was going to be committed or was being committed by others. Third, that Ms. Barron knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging others in

committing the specific offense charged and with the intent that others commit that specific offense. Fourth, that Ms. Barron performed an act in furtherance of the offense charged. In deciding whether Ms. Barron had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including her words and actions and other facts and circumstances. However, evidence that Ms. Barron merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find her guilty as an aider and abettor. If the evidence shows that Ms. Barron knew the offense was being committed or was about to be committed but does not also prove beyond a reasonable doubt that she had the intent and purpose to aid, assist, encourage, facilitate or otherwise associate herself with the offense, you may not find her guilty of the offense as an aider and abettor. The government must prove beyond a reasonable doubt that Ms. Barron in some way participated in the offense committed by others as something she wished to bring about and to make succeed.

### Attempt

In Count 2, the defendant is also charged with attempt to commit the crime of Disorderly Conduct in a Restricted Building. This offense is a crime even if the defendant did not actually complete the crime of Disorderly Conduct in a Restricted Building.

In order to find the defendant guilty of Disorderly Conduct in a Restricted Building, you must find that the government proved beyond a reasonable doubt each of the following two elements: First, that she intended to commit the crime of Disorderly Conduct in a Restricted Building, as I have defined the offense above. Second, that she took a substantial step toward committing the crime of Disorderly Conduct in a Restricted Building.

With respect to the first element of attempt, you may not find the defendant guilty merely because she thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed the stage of thinking about the crime to actually intending to commit it. With respect to the substantial-step element, you may not find the defendant guilty merely because she made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish her intent to commit the crime. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

[Note the government seeks to insert 'aiding and abetting' and 'attempt' into the instructions. These are not generally recognized as inchoate aspects of misdemeanors such as trespassing. Such misdemeanors require very little threshold of preplanning or high-level states of mind; consequently, adding "attempt" or "aiding and abetting" to a trespass accusation can effectively convert the allegation into something like a strict liability offense. It would be preposterous if someone could be convicted of 'aiding and abetting' another person's trespass by, for example, driving them to the scene of a trespass, or being a "getaway driver" for a trespass. And an allegation of "attempted trespass" becomes almost comedic in its possible scope: leaning on a fence? Moving toward a boundary without crossing it?

**Count III: Disorderly Conduct in a Capitol Building**

Count 3 charges Ms. Barron with Disorderly Conduct in a Capitol Building. The Government must prove beyond a reasonable doubt that:

1. Ms. Barron engaged in disorderly or disruptive conduct in the United States Capitol Buildings;

2. She did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

3. She acted willfully and knowingly.

The term "disorderly or disruptive conduct" has the same meaning given in the instructions above. A person acts "willfully" if she acts with the intent to do something that the law forbids -that is, to disobey or disregard the law. "Willfully" does not, however, require proof that Ms. Barron was aware of the specific law or rule her conduct may be violating.

The term "knowingly" has the same meaning given in previous instructions.

## Aiding and Abetting

In this case, the government is alleging that Ms. Barron aiding and abetted others who committed the offense of Disorderly Conduct in a Capitol Building.

To find Ms. Barron guilty as an aider and abettor, you must find that the government proved beyond a reasonable doubt each of the following four requirements: First, that others committed the offense charged. Second, that Ms. Barron knew that the offense charged was going to be committed or was being committed by others. Third, that Ms. Barron knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense. Fourth, that Ms. Barron performed an act in furtherance of the offense charged. In

deciding whether Ms. Barron had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including her words and actions and other facts and circumstances. However, evidence that Ms. Barron merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find her guilty as an aider and abettor. If the evidence shows that Ms. Barron knew the offense was being committed or was about to be committed but does not also prove beyond a reasonable doubt that she had the intent and purpose to aid, assist, encourage, facilitate or otherwise associate herself with the offense, you may not find her guilty of the offense as an aider and abettor. The government must prove beyond a reasonable doubt that Ms. Barron in some way participated in the offense committed by others as something she wished to bring about and to make succeed.

[Again, the defense opposes the prosecution's attempt to create criminal liability for innocent acts.  If someone could be convicted of aiding and abetting disorderly conduct, they might be convicted of a crime simply for standing around while another is disorderly.]

## Count IV: Parading, Demonstrating, or Picketing in a Capitol Building

Count 4 charges Ms. Barron with parading, demonstrating, or picketing in a Capitol building. The Government must prove beyond a reasonable doubt that:

1. Ms. Barron paraded, demonstrated, or picketed in any of the United States Capitol buildings; and

2. She acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings.

The terms "parade" and "picket" have their ordinary meanings. The law does not prohibit all organized expression, speechmaking, or advocacy; only conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings.[1]

_____

[1] In *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000), this district court specifically upheld an organized "prayer tour" inside the Capitol, during which "Reverend Bynum led a small group of people to various historic sites in the Capitol," viewing, praying, and speaking "in a quiet, conversational tone, during which the members of the group bowed their heads and folded their hands."

While Bynum did pronounce that the interior of the Capitol is not a "public forum" in the way that a public sidewalk is, *Bynum* did not set much of a floor or ceiling on freedom of speech or advocacy.

> As the seat of the legislative branch of the federal government, the inside of the Capitol might well be considered to be the heart of the nation's expressive activity and exchange of ideas. After all, every United States citizen has the right to petition his or her government, and the Houses of Congress are among the great democratic, deliberative bodies in the world. But it also has been recognized that the expression of ideas inside the Capitol may be regulated in order to permit Congress peaceably to carry out its lawmaking responsibilities and to permit citizens to bring their concerns to their legislators. There are rules that members of Congress must follow, as well as rules for their constituents. To that end, Congress enacted the statute at issue here so that citizens would be "assured of the rights of freedom of expression and of assembly and the right to petition their Government," without extending to a minority "a license . . . to delay, impede, or otherwise disrupt the orderly processes of the legislature which represents all Americans."

*Bynum* at 55-56.

Later, on page 57 of the Opinion, Judge Friedman explicitly held that "speechmaking" and other "expressive conduct" is allowed in the halls of the Capitol.

> While the regulation is justified by the need expressed in the statute to prevent disruptive conduct in the Capitol, it sweeps too broadly by inviting the Capitol Police to restrict behavior that is in no way disruptive, such as **"speechmaking . . . or other expressive conduct. . . ."**

[The constitutionality of the prohibition on all picketing, parading or demonstrating inside the Capitol has never been upheld by a higher court. Indeed, predecessor statutes have been struck down as unconstitutional.  Thus, the most in-depth analysis of the current statute is found in *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).]

## Proof of State of Mind

---

At the bottom of the opinion, Judge Friedman ruled that it is "FURTHER ORDERED that defendants, their agents and employees are ENJOINED AND RESTRAINED from enforcing **any restrictions on First Amendment** conduct within the United States Capitol on the basis that such conduct is "expressive conduct that convey[s] a message supporting or opposing a point of view or has the . . . propensity to attract a crowd of onlookers."

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer the person's intent from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate her intent. You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts she intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

## **Multiple Counts - One Defendant**

Each count of the information charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the Defendant guilty or not guilty on one count of the indictment should not influence your verdict with respect to the other count of the indictment.

## **Possible Punishment Not Relevant**

The question of possible punishment of the Defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberation, in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

[AITORNEYS WILL NOW GIVE CLOSING ARGUMlNTS]

'

Before I excuse you lo deliberate, I want to discuss a few final alters with you:

## **Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission - to reach a fair and just verdict based on the evidence.

Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## **Cautionary Instruction on Communication and Research**

As you retire to the jury room to deliberate, 1 also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone who is not on the jury about this case. This includes any electronic communication such as email or text or social media posting about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## **Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and 1 will never communicate with any member of the jury on any matter concerning the merits of this case, except

in writing or orally here in open court. Bear in mind also that you are never, under any circumstances, to reveal to any person - not the clerk or me - how jurors are voting until after you have reached a unanimous verdict.

This means that you should never tell me, in writing or in open court, how the jury is divided on any matter - for example, 6-6 or 11-1, or in any other fashion - or whether the vote favors the Government, the Defendant, or is on any other issue in the case.

## Jurors' Duty to Deliberate

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself, but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

## Attitude and Conduct of Jurors in Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful

to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.

Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## Unanimity of Verdict

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

## Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## Furnishing the Jury With a Copy of the Instructions

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note.

## Delivering the Verdict

When you have reached your verdict, just send me a note telling me you have reached your verdict, and have your foreperson sign the note. Do not tell me what your verdict is. The foreperson should

fill out and sign the verdict form that will be provided. We will then call you into the courtroom and ask you your verdict in open court.

## **Excuse Alternate Jurors**

Before you retire to begin your deliberations, you will recall that at the beginning of the case I told you that those jurors who were randomly selected as alternates would not participate in the jury's deliberations. At this time, I must extend my thanks to jurors 3 and 14. They are the alternate jurors in this case. Although they have served as conscientiously as all of you have, I am required to excuse them before the beginning of deliberations.

Thank you. You may now retire to begin your deliberations.