UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                              Case No. 22-cr-089-ZMF

NANCY BARRON,

    *Defendant.*

### DEFENDANT BARRON'S SENTENCING MEMORANDUM AND RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Nancy Barron ("Barron") by undersigned counsel, hereby submits to the Court her Sentencing Memorandum. Defendant respectfully requests a sentence of one (1) year probation, no fine, and no restitution. Barron is a hard-working employee, a devoted mother, and has no prior violent offenses within the last 10 years. Probation is the presumed sentence for a first-time misdemeanor.

**Introduction and Overview**

Defendant Barron was charged with four misdemeanors on March 17, 2022. The United States Attorney for the District of Columbia filed a four-count Information in Docket Number 0090 1:22CR00089-01, charging Barron as to Count 1: Entering and Remaining in a Restricted Building, in violation of 18 USC § 1752(a)(1); Count 2: Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 USC § 1752(a)(2); Count 3: Disorderly Conduct in a Capitol Building, in violation of 40 USC § 5104(e)(2)(D); and Count 4: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 USC § 5104(e)(2)(G).

### I. Sentencing Requested by Defendant

**Defendant respectfully requests a sentence of one (1) year probation, community service participation, no fine, and no restitution**. Barron is a retired veteran, who cares for her five children. She is the primary caregiver for her six-year-old son who suffers from Non-Verbal Autism. She successfully completed specialized training, obtaining her nursing aid certification in Ohio. After devoting her service to the Army National Guard for six years, she was a productive member of society, finding employment as a customer service representative, crane operator, and forklift operator. She is in the process of developing a community service program in association with recognized restorative justice program designers. Probation is the preferred sentence for a misdemeanant.[1]

Barron has already essentially served eight months of supervised pretrial release successfully. According to the United States Probation Office for the Southern District of Indiana and Pretrial Services Agency of the District of Columbia records, as of November 27, 2023, Ms. Barron remained in compliance with all court-ordered conditions of release. The conditions of her pretrial release included, reporting and compliance with pretrial supervision, not obtaining a passport, travel restricted to the Southern District of Indiana, except for the District of Columbia for court appearances, not possessing a firearm, ammunition, or other weapon, and to submit to a drug test, and if positive further comply with testing and treatment.

---

[1] Research shows a "weak relationship between incarceration and crime reduction and highlights proven strategies for improving public safety that are more effective and less expensive than incarceration." The best way to promote public safety and ensure that convicted persons can lead law-abiding lives is through broad use of non-incarceration sentences, especially since "incarceration does little to change a person's behavior." 20 18 U.S.C. § 3553(a)(2)(D). Vera Institute of Justice, Overview of The Prison Paradox: More Incarceration Will Not Make Us Safer (July 2017), https://www.vera.org/publications/for-the-record-prison-paradox-incarceration-not-safer.

There was no violence and no property destruction. Ms. Barron spent less than half an hour in the building. During that time, she never laid a finger on an officer. Additionally, there is no evidence to suggest that Ms. Barron used any objects to harm any person or property on the day of the incident.

## II. The Government's Proposed Sentence is Unreasonable

The government's proposed sentencing of one year in jail is unreasonable. Parading, demonstrating, and picketing should be scored as a two-point base offense, consistent with creating a public nuisance, disturbing the peace, or other minor crimes. Moreover, by 2:39 pm, when Barron entered the Capitol building for only 25 minutes, the incident was already well underway, and Barron merely took a photo of herself and walked around a bit.

Additionally, the government argues that Counts 1 and 2 should be grouped together as they are connected by "a common criminal objective or constituting part of a common scheme or plan." USSG §3d1.2(b). This is unreasonable. In reviewing the reasonableness of a sentence, the court begins by looking at procedural errors that occurred in determining the Guidelines range. *See United States v. Flores*, 912 F.3d 613, 618 (D.C. Cir. 2019). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States,* 552 U.S. 38, 51 (2007). Repeatedly, the Supreme Court has held that a significant procedural error occurs when the Guidelines range are improperly calculated. *Id.*

The government argues that Ms. Barron's charges of: 1) entering and remaining in a restricted building and 2) disorderly and disruptive conduct in a restricted building, were part of a "common criminal objective or constituting part of a common scheme or plan." USSG §3d1.2(b). However, when the court has found a common criminal objective or common scheme or plan, the defendant has personally and intentionally inflicted harm upon another. *See U.S. v.*

*Wilson*, 920 F.2d 1290 (6th Cir. 1990) (defendant making five telephone calls and mailing a letter were required to be grouped together as defendant's wife was the victim of all six act which had the objective of procuring her death by hiring a hit man.); *United States v. Alter*, 825 F. Supp. 550 (S.D.N.Y. 1993) (director of halfway house's bribery conviction based on his acceptance of sex from residents in exchange for drugs, was groupable with his misconduct in providing drugs to the same residents.)

Strikingly distinct is the conduct of Ms. Barron. The government has not alleged that Ms. Barron assaulted any police offers. Rather, she simply recorded the events occurring. The government has admitted that while inside the US Capitol, Ms. Barron's actions were limited to talking with those around her, smoking a cigarette, and drinking water. Unlike cases that have grouped convictions together, Ms. Barron never personally harmed anybody on the day of the incident. She used her cell phone, talked with others, smoked a cigarette, and drank some water. She never used physical force upon any police officer that day. She did not cause any damage to government property.

### III. Alternatives to Incarceration are Important Mechanisms to Promote Public Safety and Meet the Purposes of Sentencing

Encouraging alternatives to incarceration for individuals who need not be incapacitated to protect the public is a critically important goal of the guidelines. The best way to promote public safety and ensure that convicted persons can lead law-abiding lives is through broad use of non-incarceration sentences, especially since "incarceration does little to change a person's behavior." The study by the Superior Court of the District of Columbia said it best: the handling of cases

involving offenses such as … disorderly conduct has done little to change the behavior of offenders, make streets safer, or enhance the quality of life in communities.[2]

### IV.  Restitution is Inapplicable

Barron caused no property destruction nor contributed nor aided or abetted any property destruction.  Merely seeing property destruction is insufficient for an assessment of restitution.

### V.  Restorative Justice Program

Since the day of the incident, Barron has worked towards improving her community as well as herself. As the presentence report makes clear, Barron has been in full compliance with all the court-ordered conditions of release.

Barron has taken initiative and diligently engaged in a reflective restorative process through the Restorative Justice Program. Barron takes part in peer-led mutual aid fellowship. The goal of the process is to allow her a reflection period, provide an open space, and offer mediation and guidance. Barron has not missed a single appointment with the Restorative Justice Program. She has shown remorse for her actions, and has taken a step in the right direction, acknowledging her wrongdoing, and committing to not making the same mistake again. Attached, is a report from the Restorative Justice Program on Barron's progress.

### CONCLUSION

For the foregoing reasons, the Defendant urges the Court to consider a sentence commensurate with the crime: a one-year probation with some community service – in line with

---

[2] DC Misdemeanor and Traffic Community Court, Program Manual of Policies and Procedures (April 2007), https://www.dccourts.gov/sites/default/files/pdf-forms/DCMTCCPoliciesProcedures.pdf.

Ms. Barron's restorative justice efforts. Such a sentence promotes respect for the law, deters future crime by imposing consequences on Barron's liberty and criminal record, and prevents unnecessary hardship on Barron and her children moving forward. Barron has fully accepted the ramifications of her presence in the Capitol on January 6, and has already cooperated fully with the authorities, leading to the avoidance of an arrest and further embarrassment and anguish.

Dated: April 29, 2024                                                Respectfully Submitted,

                                                                                 /s/ *John M. Pierce*
                                                                                 John M. Pierce
                                                                                 21550 Oxnard Street
                                                                                 3rd Floor, PMB #172
                                                                                 Woodland Hills, CA 91367
                                                                                 Tel: (213) 400-0725
                                                                                 Email: jpierce@johnpiercelaw.com
                                                                                 *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, April 29, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce